IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tyrone Berry, | : | |
| Petitioner | : | Civil Action 2:13-cv-0617 |
| v. | : | Judge Smith |
| Mick Oppy, Warden | : | Magistrate Judge Abel |
| Respondent | : | |

## Report and Recommendation

Petitioner Tyrone Berry, a state prisoner, brings this action under 28 U.S.C. §2254 for a petition for writ of habeas corpus. This matter is before the Magistrate Judge on respondent's October 3, 2013 motion to dismiss or, in the alternative, to transfer to the Sixth Circuit (doc. 6).

The petition alleges that petitioner Berry was re-sentenced without appearing in court before the sentencing judge. In August 1996, a Franklin County Grand Jury indicted Berry, charging him with three counts of aggravated murder (Counts 1-3) and one count each of aggravated robbery (Count 4), aggravated burglary (Count 5), kidnaping (Count 6), and having a weapon while under a disability (Count 7). The indictment included firearm specifications on each count. Berry s waived his right to a jury trial on the weapons under disability charge; and he proceeded to trial before a jury on the remaining six counts. The court found Berry guilty on Count 7 and sentenced him to serve a term of three to five years, with an additional three years actual incarceration for

the use of a firearm. (October 3, 2013 Motion to Dismiss, Exh. 1, Doc. 6-1, PageID 63-64.) However, the jury was unable to reach a verdict on the other six counts and a mistrial was declared. Following a retrial before a three-judge panel, Berry was found guilty on all remaining counts and specifications. On February 5, 1998, he was sent-enced to serve a term of thirty years to life on each aggravated murder conviction. Berry was sentenced to a term of ten to twenty-five years actual incarceration for each of the remaining three counts. All sentences were ordered to be served consecutively, with an additional three years actual incarceration for firearm specifications on Count 1. The firearm specifications in Counts 2 through 6 were merged with Count 1. (*Id.*, Exh. 2, PageID 65-66.)

On direct appeal, the Ohio Court of Appeals for the Tenth District affirmed Berry's convictions, but remanded the case for resentencing. (*Id.*, Exh 3, PageID 67-80.) Berry's appeal to the Ohio Supreme Court was unsuccessful. (*Id.*, Exh 4, PageID 81.)

On February 21, 2000, the trial court issued an amended judgment entry and imposed concurrent terms of thirty years to life in prison for Berry's aggravated murder convictions. On each of the remaining counts, the trial court ordered Berry to serve sentences of ten to twenty-five years actual incarceration to run consecutively to each other, but concurrent with the sentences for aggravated murder. The firearm specifica-tions for Counts 1 through 6 were merged (*Id.*, Exh. 5, PageID 151-53.) Berry did not file a timely appeal of this sentence.

On October 19, 2000, petitioner filed a habeas corpus petitioner in this court.

(*Tyrone V. Berry v Margaret Bagley*, 2:00-cv-1227) On April 16, 2001, I filed a Report and Recommendation and recommended that the habeas petition be denied. (*Berry v. Bagley*, 2:00-cv-1227, Doc. 9.) On September 14, 2001, the Report and Recommendation was adopted and judgment entered dismissing the case. (*Id.*, Docs. 13 and 14.) The court denied Berry's request for a certificate of appealability as to all grounds. (*Id.*, Doc. 19.) On March 24, 2003, the Sixth Circuit Court of Appeals denied his certificate of appealability. (*Id.*, Doc. 22.)

On October 15, 2004, the State filed a motion for resentencing hearing and for correction of illegal sentence. (*Id.*, Exh. 13, PageID 119-49.) The State contended a sentencing error occurred when the three-judge panel failed to impose the legally required sentence of "thirty 'full' years to life" for Berry's aggravated murder convictions. To correct the sentencing entry, the State requested that the trial court hold a resentencing hearing and that counsel be appointed to represent Berry. A resentencing hearing was originally scheduled for October 12, 2005, but was later continued. (*Id.*, Exhs. 14 and 15, PageID 150-51.) On February 21, 2006, the court issued an amended judgment entry specifying that Berry was to serve thirty "full" years to life for his aggravated murder convictions. (*Id.*, Exh. 16, PageID 152-53.) Petitioner did not appeal the amended judgment.

On April 9, 2008, Berry, representing himself, filed a motion to vacate or set aside sentence in the Franklin County Common Pleas Court. (*Id.*, Exh. 17, PageID 154-60.) He argued that his amended sentence was unconstitutional because he was not present

3

when the sentence was imposed. The State opposed the motion, and petitioner filed a reply brief supporting it. (*Id.*, Exhs. 18 and 19, PageID 161-70.) On August 19, 2008, the trial court denied the motion, which it construed as a motion for postconviction relief, as untimely. (*Id.*, Exh. 20, PageID 171-79.) On August 29, 2009, Berry filed an appeal of that decision. (*Id.*, Exh. 21, PageID 180.) On March 31, 2009, the Ohio Court of Appeals affirmed the trial court's decision. (*Id.*, Exh. 25, PageID 247-57.) Berry did not timely appeal that decision. Belatedly, he filed a motion for leave to file a delayed appeal. (*Id.*, Exhs. 26 and 27, PageID 258-75.) That motion was granted. (*Id.*, Exh. 28, PageID 276.) (Exh. 28.) On November 18, 2009, the Supreme Court of Ohio denied leave to appeal. (*Id.*, Exh. 31, PageID 318.)

On March 18, 2010, Berry filed a motion to impose a valid sentence alleging that his February 21, 2006 resentencing entry was void because it failed to comply with Crim.R. 32(C) and was, therefore, subject to resentencing. *Id.*, Exh. 32, PageID 319-21.) On May 27, 2010, Berry filed an "Affidavit," and "Memorandum in Support, in which he argued that due to the unreasonable delay of his resentencing, his sentence should be vacated and he should be released from custody. (*Id.*, Exh. 33, PageID 322-28.) On December 10, 2010, the trial court issued a decision and entry denying Berry's motion to impose a valid sentence and his affidavit. (*Id.*, Exh. 34, PageID 329-36.) On January 11, 2011, Berry filed a notice of appeal, but on August 23, 2011 the Court of Appeals dismissed the appeal as untimely. (*Id.*, Exh. 35, PageID 337-45.) On August 30, 2011, Berry filed a motion for leave to file a delayed appeal in a second attempt to

4

appeal the trial court's December 10, 2010 decision. (*Id.*, Exh. 36, PageID 343-47.) On November 15, 2011, the Court of Appeals denied leave to appeal. (*Id.*, Exh. 37, PageID 348-51.) (Exh. 37.) Berry did not appeal that decision.

On December 2, 2011, Berry filed a motion to dismiss sentence for an unreasonable delay in re-sentencing, in which he asserted the identical arguments as those previously raised in his May 27, 2010 "Affidavit." (*Id.*, Exh. 38, PageID 352-59.) On January 18, 2012, Berry moved for summary judgment. (*Id.*, Exh. 39, PageID 360-62.) On February 5, 2013, the trial court denied both motions. (*Id.*, Exh. 40, PageID 363-67.)

On April 4, 2012, Berry filed a petition in the Supreme Court of Ohio for writ of habeas corpus and order discharging him from custody because of an unreasonable delay in resentencing. (*Id.*, Exh. 41, PageID 368-98.) On May 23, 2012, the Ohio Supreme Court dismissed the case, *sua sponte*. (*Id.*, Exh. 42, PageID 399.)

On June 27, 2013, Berry filed his second habeas petition with this Court raising a single ground for relief as follows:

> Ground One:   In the Defendant's case, the judgment of the Franklin County Court of Common Pleas was reversed and cause remanded for further proceedings consistent with the Tenth Dist. Opinion. In the Court's Opinion, it states that the Defendant must be present when the trial court subsequently modifies his sentence. As of to date, the only time that the Defendant was in any courtroom for a sentencing hearing was in 1998 which was over 14 years ago and because of the unreasonable delay in resentencing the Defendant, the Doctrine of Laches now applies to this case with respect to resentencing the Defendant within a reasonable amount of time. appeal. (Exh. 37.)

5

Since petitioner has previously filed a petition for writ of habeas corpus, *Tyrone V. Berry v Margaret Bagley*, 2:00-cv-1227 (S.D. Oho filed October 19, 2000), this is a second, successive petition for writ of habeas corpus. Alternatively, the petition is barred by the one-year statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d)(1)(A).

The Magistrate Judge RECOMMENDS that under the procedures adopted in *In re Jonathan Sims*, 111 F.3d 45, 47 (6th Cir. 1997) this Court TRANSFER this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §1631.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel  
United States Magistrate Judge
