**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

TYRONE BERRY,

      Petitioner,

    v.

MICK OPPY, WARDEN,

      Respondent.

                **CASE NO. 2:13-CV-0617
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE ABEL**

<u>**OPINION AND ORDER**</u>

On December 27, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.  Petitioner has filed an *Objection*[1] to the Magistrate Judge's *Report and Recommendation.*  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objection*, Doc. No. 10, is **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner argues at length that his claim warrants habeas corpus relief.  As the Magistrate Judge did not recommend dismissal of this claim on the merits, the Court need not discuss those issues here.  Petitioner also objects to the Magistrate Judge's recommendation that this action be transferred to the United States Court of Appeals.  He contends that, because his habeas corpus

---

[1]  Although Petitioner's *Objection* has been docketed as a motion for reconsideration, but is also identified as an *Objection,* and therefore will be construed by this Court as such.

petition challenges solely his re-sentencing hearing, he could not have earlier raised his claim, and therefore, this action should not be construed as a successive petition. *See Objection*.

The United States Court of Appeals for the Sixth Circuit recently clarified that this Court determines whether a petition constitutes a successive petition prior to transferring the case to the Court of Appeals. *In re Smith*, 690 F.3d 809, 2012 WL 3631145 (6th Cir.2012). the United States Court of Appeals for the Sixth Circuit clarified this rule, stating:

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem*, 631 F.3d 809, 812 (6th Cir.2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief [.]" Id. at 643, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849. In *Panetti v. Quarterman*, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would have been unripe if it had been presented then, was not second or successive. *Id*. at 945, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662. In *Magwood v. Patterson*, –— U.S. ——, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. *Id*. at 2797–98.

*Storey v. Vasbinder,* 657 F.3d 372, 376–77 (6th Cir.2011) (a habeas corpus petition filed after a remedial appeal does not constitute a successive petition).

Here, however, the trial court entered an amended judgment entry correcting what appears to have been a clerical error, imposing "Thirty 'full' years to life" for Petitioner's aggravated murder convictions, instead of "Thirty years to life." This being the case, the new entry correcting the clerical error did not change or otherwise constitute a "new judgment" within the meaning of *Magwood* with respect to petitioner's prior federal habeas corpus petition. Cf. *In re Martin*, 398 F. App'x 326, 327 (10th Cir.2010) (distinguishing *Magwood* in holding that a habeas petition filed after an amended judgment correcting a "clerical error" was entered constituted a successive petition under § 2244(b)); *see also In re Lampton*, 667 F.3d 585, 587–89 (5th Cir.2012); *Hawkins v. United States*, No. 89–CR–80335, 2011 WL 2533658, at *1–2 (E.D.Mich. June 27, 2011); *Mackey v. Sheets*, 2012 WL 3878145, at *9-10 (S.D. Ohio Sept. 6, 2012)(same).

In any event, as noted by the Magistrate Judge, this action plainly is time-barred.[2] On February 21, 2006, the trial court issued its amended judgment entry pursuant to the Ohio Court

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

of Appeals remand for re-sentencing. *Amended Judgment Entry, Exhibit 16 to Motion to Dismiss.* Petitioner did not file an appeal. His conviction therefore became final pursuant to 28 U.S.C. § 2244(d)(1)(A) thirty days later, on March 24, 2006, the date that the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations began to run the following day, and expired one year later, on March 25, 2007. Petitioner waited until June 27, 2013, more than seven years later, to file the instant habeas corpus petition. Further, none of the collateral proceedings he pursued in the state courts tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2) because he failed to file any of these action before the statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (The tolling provision of § 2244(d)(2) "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run"); *see also Jeffers v. Warden, Southern Ohio Correctional Facility*, No. 2:13-cv-229, 2013 WL 197896, at *6 (S.D. Ohio Jan. 15, 2013).

**WHEREUPON**, Petitioner's *Objection*, Doc. No. 10, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is **DISMISSED.**

**IT IS SO ORDERED**.


_____*s/ George C. Smith*_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.