IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TYRONE BERRY,

    Petitioner,

    v.

MICK OPPY, WARDEN,

    Respondent.

CASE NO. 2:13-CV-00617
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KEMP

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On March 18, 2014, judgment was entered transferring the case to the United States Court of Appeals for the Sixth Circuit. Doc. 12. On October 31, 2014, the Sixth Circuit remanded the case to this Court for further proceedings. Doc. 13. This matter now is before the Court on the *Petition*, Respondent's *Motion to Dismiss* (Doc. 6, 15), Petitioner's *Traverse* and *Memorandum Contra* (Docs. 16 & 17), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

### I. Facts and Procedural History

The United States Court of Appeals for the Sixth Circuit summarized the facts and procedural history of this case as follows:

1

In 1996, Berry was indicted on three counts of aggravated murder, and one count each of aggravated robbery, aggravated burglary, kidnapping, and having a weapon while under a disability, all with firearm specifications. Berry waived his right to a jury trial on the weapons charge and the court found him guilty as to that charge only. A jury was unable to reach a verdict on the other six counts, and a mistrial was declared. Berry was retried before a three-judge panel and found guilty on all counts and specifications. Berry appealed, and although his conviction was affirmed, his case was remanded for resentencing. In November 1999, Berry was resentenced to concurrent terms of thirty years to life "actual incarceration" on the aggravated murder convictions and ten to twenty-five year terms of "actual incarceration" to run consecutively with one another but concurrent with the aggravated murder sentences, and the firearm specifications were merged. This was not timely appealed.

In October 2000, Berry filed his initial § 2254 petition. This petition was denied in part on procedural grounds and in part on the merits, and the district court denied a certificate of appealability. Berry appealed to this court, which also denied a certificate of appealability. *Berry v. Bagley*, No. 01-4233 (6th Cir. Mar. 24, 2003).

In October 2004, the state filed a motion for a resentencing hearing and correction of illegal sentence because Berry was not properly sentenced to "30 full years to life." In February 2006, the trial court issued an amended judgment incorporating the state's changes. Berry did not appeal. In 2008, he filed a motion in the state trial court to vacate or set aside his sentence, arguing that the amended sentence was unconstitutional because he was not present when it was issued, but that motion was denied as untimely, and his subsequent attempts to challenge the amended sentence in state court were also unsuccessful.

In March 2010, Berry filed a motion in which he argued that the February 2006 sentence was void, in part, because he was not present at the resentencing hearing. The trial court denied the motion as untimely because Berry should have raised this issue in a direct appeal. Berry appealed in

> January 2011, but it was denied as untimely. Berry filed an unsuccessful motion for leave to file a delayed appeal in August 2011. A motion to dismiss his sentence for an unreasonable delay in sentencing, filed in December 2011, was also denied. Berry then filed a petition for a writ of habeas corpus in the Ohio Supreme Court, which was dismissed.
>
> In 2013, Berry filed a second § 2254 petition in the district court challenging his resentencing because he was not present at the hearing and because there was an unreasonable delay in his resentencing. Upon recommendation of the magistrate judge, the district court transferred the case to this court as a successive petition.

*Order*, Doc, 13, PageID# 445-46. Petitioner signed the instant *Petition* on June 10, 2013.

He asserts as follows:

> In the Defendant's case, the judgment of the Franklin County Court of Common Pleas w[as] reversed and cause remanded for further proceedings consistent with the Tenth Dist. Opinion. In the Court's Opinion, it state[s] that the Defendant must be present when the trial court subsequently modifies his sentence. As of [] date, the only time that the Defendant was in any courtroom for a sentencing hearing was in 1998 which was over 14 years ago and because of the unreasonable delay in resentencing the Defendant, the Doctrine of Laches now applies to this case [] with respect to resentencing the Defendant within a reasonable amount of time. appeal.

*Petition*, Doc. 3, PageID# 34. The Sixth Circuit denied the motion for authorization for filing as a successive petition as unnecessary because he presently challenges solely the trial court's February 2006 amended sentence, and remanded the case to this Court for further proceedings. Petitioner requests that further execution of his sentence be suspended. *Traverse,* Doc. 16, PageID# 457.

3

It is the position of the Respondent that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *Motion to Dismiss*, Doc. 15.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

## I.APPLICATION

Petitioner challenges the trial court's February 21, 2006, *Amended Judgment Entry* specifying that he is to serve thirty "full" years to life on his aggravated murder convictions. See Doc. 6-1, PageID# 152. Petitioner did not file an appeal of the *Amended Judgment Entry*. Under the terms of 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment entry of sentence therefore became final on March 23, 2006, thirty days after the issuance of the *Amended Judgment Entry*, when the time period expired to file a timely appeal. *See Worthy v. Warden, Chillicothe Correctional Inst.*, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013)(citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations began to run the following day, and expired one year later, on March 24, 2007.

However, Petitioner claims that he could not timely appeal because the State failed to notify him of the February 2006 re-sentencing hearing. PageID# 464. Petitioner further alleges that on June 13, 2006, he wrote to the Franklin County Court of Common Pleas to inquire about the status of his sentence, and because his letter went unanswered, he assumed that there had been a clerical error. *Memorandum Contra*, Doc. 17, PageID# 487.[1] Petitioner argues that the State of Ohio has previously acknowledged that he could not have earlier discovered the basis for his claims. He did not know that he had to file an appeal of his 2006 *Amended Judgment Entry* because the State did not

---

[1] Petitioner refers to the letter as a part of the record; however, this Court is unable to locate the document in the record, and it does not alter any of the conclusions in this *Report and Recommendation*.

notify him of a resentencing hearing. *Id.* Petitioner maintains that he diligently pursued relief upon learning of the February 2006 *Amended Judgment Entry* of sentence. PageID# 488.

On April 9, 2008, Petitioner challenged the February 2006 *Amended Judgment Entry* by filing a *Motion to Vacate or Set Aside Sentence* in the state trial court. Doc. 6-1, PageID# 154-55. Thus, at least as of April 9, 2008, Petitioner knew that the trial court had amended his judgment entry of sentence in February 2006. Instead of attempting to file an appeal at that time, however, Petitioner filed a petition for post conviction relief. The trial court denied the petition.[2] On March 31, 2009, the appellate court affirmed the dismissal of Petitioner's petition for post conviction relief as untimely, indicating that the claims should have been raised on direct appeal. *State v. Berry*, No. 08AP-762, 2009 WL 840571 (Ohio App. 10th Dist. March 31, 2009). The appellate court noted:

> [I]t appears that the trial court did not hold a new sentencing hearing before issuing the amended sentencing entry due to the conclusion that it was not necessary to hold a new hearing because changing the word "actual" to "full" in the sentencing entry was merely the correction of a clerical error. However, there is no dispute and, in fact, the state concedes, that changing the wording of the entry had the effect of changing appellant's substantive sentence, based on ODRC's interpretation that the use of the word "actual" instead of "full" meant appellant was entitled to good time credit, thus making appellant's earliest date of consideration for parole significantly earlier than it should have been. Thus, the amended entry was more than the correction of a clerical error. . . .

---

[2] "The [trial] court denied the petitions, finding: (1) the petitions were not timely filed; (2) the petitions were barred by the application of *res judicata*; and (3) appellant's claim that his conviction and sentence were unconstitutional under the Supreme Court of Ohio's decision in *State v. Colon*, 118 Ohio St.3d 26, 885 N.E.2d 917, 2008-Ohio-1624 ("Colon I"), lacked merit." *State v. Berry*, No. 08AP-762, 2009 WL 840571, at *2 (Ohio App. 10th Dist. March 31, 2009).

> The issue remains, however, whether appellant has timely raised the issue for purposes of seeking post-conviction relief. Appellant's claim in this regard is not based on the recognition of a new federal or state right by the United States Supreme Court, as the right to be present for sentencing was recognized prior to the sentencing in this case *and, therefore, should have been raised in a direct appeal.* Thus, appellant can only satisfy R.C. 2953.23(A)(1)(a) if he was unavoidably prevented from discovering the factual basis upon which he must rely for relief.
>
> In this case, it is at least arguable that appellant was unavoidably prevented from discovering the factual basis for his claim. The record shows that the amended entry was sent to appellant's previous trial counsel, who had not represented appellant since 1997, and not to the Public Defender's office, which the trial court had purported to appoint as counsel in the October 18, 2004 entry. Nor does it appear from the record that a copy was sent to appellant personally, which would have made appellant aware of the factual basis for which he now seeks relief. . . .
>
> [A]lthough appellant[] . . . knew ODRC had changed his parole date, it does not establish that appellant knew this change was the result of the trial court's issuance of the amended sentencing entry.

*Id.* at *5 (emphasis added). The appellate court nonetheless concluded that Petitioner had failed to meet the requirements for the filing of an untimely petition for post conviction relief pursuant to O.R.C. §2953.23, and dismissed the appeal as untimely. *Id.* In so doing, the appellate court stated, that "the proper remedy for appellant to challenge the sentence imposed in the court's amended sentencing entry would be through the filing of a motion seeking leave to file a delayed appeal, rather than a petition seeking post-conviction relief." *Id.* On November 18, 2009, the Ohio Supreme

Court dismissed Petitioner's subsequent appeal. *State v. Berry*, 123 Ohio St.3d 1494 (2009).

Even giving Petitioner the benefit, therefore, of assuming that his conviction did not become final, for purposes of the running of the statute of limitations, until the date that the Ohio Supreme Court dismissed Petitioner's post conviction appeal,[3] this action remains untimely. Under such scenario, Petitioner's judgment of conviction became final on November 18, 2009. The statute of limitations began to run on the following day, and expired one year later, on November 19, 2010. None of Petitioner's subsequent filings tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), because the state courts dismissed all such actions as untimely, or Petitioner filed them after the statute of limitations had already expired.

Specifically, on March 18, 2010, Petitioner filed a *Motion to Impose a Valid Sentence[]* in the state trial court. Doc. 6-1, PageID# 319. On December 10, 2010, the trial court denied the motion. PageID# 329. Petitioner did not timely appeal, and on August 9, 2011, the appellate court dismissed the appeal as untimely. *State v. Berry*, No. 11AP-35, 2011 WL 3452141 (Ohio App. 10th Dist. Aug. 9, 2011); Doc. 6-1, PageID# 337-41. On August 30, 2011, Petitioner filed a motion for leave to file a delayed appeal the trial court's December 10, 2010, denial of his *Motion to Impose Valid Sentence*[]. PageID# 343. On November 15, 2011, the appellate court denied the motion as untimely. PageID#

---

[3] *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007)("[An] application for state postconviction review is . . . not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for *certiorari*."

348.  On December 2, 2011, Petitioner filed a *Motion to Dismiss Sentence for an Unreasonable Delay in Re-Sentencing*, Doc. 6-1, PageID# 352, and on January 18, 2012, a *Motion for Summary Judgment.*  PageID# 360.  On February 5, 2013, the trial court denied Petitioner's motions.  PageID# 363.  On April 4, 2012, Petitioner filed a petition for a writ of habeas corpus in the Ohio Supreme Court.  PageID# 368.  On May 23, 2012, the Ohio Supreme Court *sua sponte* dismissed the habeas corpus petition.  Petitioner waited until June 10, 2013, to execute this habeas corpus petition.

State collateral actions filed after the statute of limitations has already expired do not toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2).  *See Ross v. Freeman*, 2015 WL 1285366, at *2 (E.D. Tenn. March 20, 2015)(citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)("The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.")).  Similarly, post conviction and collateral actions denied as untimely by the state courts are not "properly filed" within the meaning of 28 U.S.C. §2244(d)(2), and therefore do not toll the running of the statute of limitations. "[T]ime limits, no matter their form, are 'filing' conditions, and where the state court rejects a post conviction or collateral action as untimely, it was not "properly filed" so as to toll the running of the statute of limitations under §2244(d)(2). *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2008).  *See also Isreal v. Warden, Lebanon Correctional Inst.*, No. 2:13–cv–50, 2013 WL 578594 at *4 (S.D.Ohio Oct. 28, 2013) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (*per curiam*) (concluding that a motion for a delayed appeal

9

denied by the Ohio Supreme Court as untimely does not toll the running of the statute of limitations under § 2244(d)(2)).

## II. Equitable Tolling

Further, the record fails to reflect that equitable tolling of the statute of limitations is warranted. In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing. *See Holland v. Florida,* 560 U.S. 631, 649 (2010)(citing *Pace v. DiGuglielmo,* 544 U.S. at 418)). "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Moreover, equitable tolling should be only sparingly applied. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but flawed, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt,* 337 F.3d 638, 642–43 (6th Cir.2003). A prisoner's pro se incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir.2011) (citation omitted). These conditions are typical of most habeas corpus petitioners and do

not constitute an extraordinary circumstance beyond the Petitioner's control. *Lowe v. State,* No. 2:120CV–142, 2013 WL 950940, at *7 (S.D.Ohio March 12, 2013) (citing *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004)). *See also Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D.Mich. Nov.11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D.Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")).

Here, the record reflects that, even after being explicitly advised by the state appellate court in March 2009 that his proper remedy would be to file a motion for a delayed appeal, Petitioner never attempted to pursue such action, instead waiting approximately one year later, until March 2010, to file a *Motion to Impose Valid Sentence* in the state trial court. He then failed to file a timely appeal. The trial court denied his motion to dismiss and motion for summary judgment on February 5, 2013, yet Petitioner waited approximately four more months to execute this habeas corpus petition. The record thus does not reflect either that Petitioner diligently pursued relief or that an extraordinary circumstances prevented his timely filing.

### III. Actual Innocence

A Petitioner's actual innocence may justify equitable tolling of the statute of limitations. *See Patterson v. Lafler*, 455 Fed.Appx. 606, 609, unpublished, 2012 WL 48186 (6th Cir. 2012)(citations omitted). However,

> "[a] valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence,

11

> trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). The Supreme Court recently underscored the fact that "the miscarriage of justice exception ... applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.' " *McQuiggin v. Perkins,* --- U.S. ----, ----, 133 S.Ct. 1924, 1933, 185 L.Ed.2d 1019 (2013) (quoting *Schulp*, 513 U.S. at 329) (emphasis supplied

*Backie v. Moore*, No. 1:13-cv-00507, 2015 WL 2137164 (N.D. Ohio May 7, 2015).  These are not the circumstances here.

## IV. Recommended Disposition

The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## V. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                 /s/ Terence P. Kemp
                                              United States Magistrate Judge