IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TYRONE BERRY,

      Petitioner,

v.

MICK OPPY, WARDEN,

      Respondent.

CASE NO. 2:13-CV-00617
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KEMP

**OPINION AND ORDER**

On August 20, 2015, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* be granted and that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Doc. #19. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. Doc. #20. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection*, Doc. #20 is **OVERRULED**. The *Report and Recommendation*, Doc. #19, is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss*, Doc. #15, is **GRANTED** and this case is hereby **DISMISSED**.

On June 10, 2013, Petitioner executed this *Petition* challenging the state trial court's February 21, 2006, *Amended Judgment Entry* clarifying that he is to serve thirty "full" years to life on his aggravated murder convictions. Doc. #3, PageID# 44. However, Petitioner argues that the one-year statute of limitations provided for in 28 U.S.C. § 2244(d) did not begin to run until May 23, 2012, when the Ohio Supreme Court

1

*sua sponte* dismissed his petition for a writ of habeas corpus, or on July 25, 2012.[1] He complains that the state courts failed to notify him of the re-sentencing hearing and denied him the right to be present. He again argues regarding the merits of his claims.

Petitioner's *Objection* is not well taken. At issue is solely whether the one-year statute of limitations bars review of Petitioner's claims. The record reflects that it does. As noted by the Magistrate Judge, even giving Petitioner the benefit of assuming that the statute of limitations did not begin to run until November 18, 2009, when the Ohio Supreme Court dismissed his post conviction appeal, the statute of limitations expired years before Petitioner signed his habeas corpus petition. Petitioner's challenges to the trial court's *Amended Judgment Entry* denied by the state courts as untimely or filed after expiration of the statute of limitations do not toll the running of the statute of limitations or begin anew the start date for the running of the statute of limitations. *Pace v. Diguglielmo*, 544 U.S. 408, 417 (2008); *see Ross v. Freeman*, 2015 WL 1285366, at *2 (E.D. Tenn. March 20, 2015)(citing *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) At least as of April 9, 2008, Petitioner knew that in February 2006, the trial court had amended his judgment entry of sentence. Further, in March 2009, the state appellate court advised him that his proper remedy would be to file a motion for a delayed appeal. He failed to do so. The record reflects neither that Petitioner acted diligently in pursuing relief nor that he is actually innocent so as to justify equitable tolling of the statute of limitations.

---

[1] Petitioner indicates that on July 25, 2012, the state courts denied his last motions attacking the *Amended Judgment Entry*. Doc. #20, PageID# 509-510.

Petitioner's *Objection,* Doc. #20, therefore is **OVERRULED**. The *Report and Recommendation*, Doc. #19, is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss*, Doc. #15, is **GRANTED** and this case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

\s\ George C. Smith
GEORGE C. SMITH
United States District Judge